Martin, J.
delivered the opinion of the court. The plaintiffs, as heirs of Jacob Hooter, claimed land in the possession of the defendant. He denied, among other pleas, that they were such. There was judgment for the defendant, and they appealed.
They showed, that Jacob Hooter is dead, and that he left a brother, Philip Hooter, one of the plaintiffs ; that the other plaintiffs are the deceased’s nephews and nieces.
*391 West'n District.
Sept. 1822.
There is no principle better established than that which requires that the party, who alleges, is bound to establish every positive fact which is necessary to support his allegation, if it be denied.
The plaintiffs allege, that they are heirs; they must, therefore, prove the death of their ancestor, and that they are his immediate kindred, entitled to the inheritance.
A son may allege he is the only son; and the fact that there is not any brother or sister of his, being a negative one, needs not to be proved by him. The grand-son must prove the death of his own father, the ancestor’s son; for, by alleging he is the grand-son, he impliedly admits there was a nearer heir, at whose death alone he could succeed.
In the ascending line, the father may allege himself heir, and aver that his son had no issue ; and this being a negative fact, he is not bound to prove.
But if the grand-father were to sue, he would be bound to prove the death of his own son, the father of the deceased ; for, being an heir in the second degree of his line, he ought to show that the heirs in the first line, who once existed, are out of his way.
*392 Now the brothers, heirs in the collateral line, which is not called to the inheritance till after the descending and ascending, must allege there is no heir of the descending line; and this being a negative fact, is not to be proven. They must further aver, that there are no heirs of the ascending line; but, as every man has or had relations in the ascending line, those who claim, as collateral, must show that the relations, in the ascending line, have ceased to exist, by giving evidence of their death, or by showing that one hundred years have elapsed since the birth, in which case death is presumed, and not before.
In this case, no evidence is given that the father of Jacob Hooter is dead, or that one hundred years have elapsed since his birth ; and the mother, and other ascending heirs, being unaccounted for, the heirship of the plaintiffs is not established.
The death of the plaintiff’s father, says Peake, and of the plaintiff’s mother, are next to be proven ; and if there existed any other person in the pedigree, who stood before the lessor of the plaintiff, the latter should be prepared to show the death of such a person; for, by the general rules of law, he who asserts *393 the death of another, who was once living, must prove the death, whether the affirmative issue be that he is dead or living.—Law of Evidence, 419.
Bullard and Thomas for the plaintiffs, Wilson for the defendant.
It is therefore ordered, adjudged and decreed, that the judgment of the district court be annulled, avoided and reversed ; and that there be judgment for the defendant as in the case of non-suit, with costs in the district court ; those in this, must be paid by the defendant.—Sassman vs. Aymé & wife, 9 Martin, 257.